## F. J. SULLIVAN v. T. P. CLARKE.

**Vendor and Vendee—Sufficiency of Petition by Vendee.**

When a vendee sues to enforce a contract he must aver performance on his part, and show compliance with the conditions precedent by him to be performed or allege facts showing a sufficient excuse for not having done so.

APPEAL FROM BALLARD COURT OF COMMON PLEAS.

October 31, 1876.

OPINION BY JUDGE COFER:

When a vendee sues to enforce the specific execution of a contract the same general rules as to the performance of conditions on his part are to be observed as in suits by vendors. He must allege compliance with the conditions precedent by him to be performed, or he must allege facts showing a sufficient excuse. Hence he must allege payment or tender of the purchase money at the time stipulated, or a sufficient excuse for his failure. Newman Cl. & Cr., p. 388, and authorities cited.

Tested by these rules the appellant failed to show a right to the

relief sought. By the terms of the contract one hundred dollars of the purchase money was to be paid within ten days, and the residue within one year. Such residue was, however, to be ascertained by a survey to be made by the appellee, and it was alleged that no survey had been made, and the failure to pay or tender that part of the price was sufficiently excused. But no excuse was given in the cross-petition for not paying or tendering the first payment at the time it was due. It is true the evidence shows that G. W. Sullivan offered to pay the one hundred dollars for the appellant on the day it fell due, and that the appellee not only refused to accept it, but said he would not let the appellant have the land unless he then paid the whole purchase money, much the largest part of which would not fall due for nearly a year; and that he said on the evening of that day that he had sold the land to Hughes. These facts, if they had been set up, would have been sufficient to excuse the non-payment of the one hundred dollars, but when the appellant came into court to complete a specific execution he should have tendered the one hundred dollars in court, and when the number of acres in the tract were ascertained he should have tendered the residue of the price, and having failed in these respects his petition was properly dismissed, and that being done for his default, the rescission of the contract followed as of course.

Wherefore the judgment is *affirmed.*

*Bugg & Bishop, for appellant. C. S. Marshall, for appellee.*